MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
RIGOBERTO MOLINA FRANCISCO,
*individually and on behalf of others similarly*
*situated,*

*Plaintiff*,

-against-

SUNDANCE KITCHEN INC.  (D/B/A
SUNDANCE KITCHEN & CANTINA),
SUNDANCE DELI INC.   (D/B/A SUNDANCE
DELI), GENARO DOMINGUEZ , and
CASIANO DOMINGUEZ ,

*Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiff Rigoberto Molina Francisco ("Plaintiff Molina" or "Mr. Molina"), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon his knowledge and belief, and as against Sundance Kitchen Inc. (d/b/a

Sundance Kitchen & Cantina), Sundance Deli Inc.  (d/b/a Sundance Deli), ("Defendant

Corporations"), Genaro Dominguez and Casiano Dominguez, ("Individual Defendants"),

(collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

      1.    Plaintiff Molina is a former employee of Defendants Sundance Kitchen Inc. (d/b/a

Sundance Kitchen & Cantina), Sundance Deli Inc.  (d/b/a Sundance Deli), Genaro Dominguez, and

Casiano Dominguez.

2.      Defendants own, operate, or control a deli and a restaurant, located at 208 Mamaroneck Avenue, White Plains, New York 10601 under the name "Sundance Kitchen & Cantina" (hereafter the "Sundance Kitchen & Cantina" location) and at 37 Wheeler Avenue, Pleasantville, New York 10570 under the name "Sundance Deli" (hereafter the "Sundance Deli" location).

3.      Upon information and belief, individual Defendants Genaro Dominguez and Casiano Dominguez, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Molina was employed as a cook and a helper at the restaurants located at 208 Mamaroneck Avenue, White Plains, New York 10601 and 37 Wheeler Avenue, Pleasantville, New York 10570.

5.      At all times relevant to this Complaint, Plaintiff Molina worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to pay Plaintiff Molina appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Molina the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Molina wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiff Molina to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Molina and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Molina now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Molina seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Molina's state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli and a restaurant located in this district. Further, Plaintiff Molina was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Rigoberto Molina Francisco ("Plaintiff Molina" or "Mr. Molina") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Molina was employed by Defendants at "Sundance Deli" and "Sundance Kitchen & Cantina" from approximately January 29, 2015 until on or about March 19, 2019.

17.     Plaintiff Molina consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a restaurant, located at 208 Mamaroneck Avenue, White Plains, New York 10601 under the name "Sundance Kitchen & Cantina" and a deli located at 37 Wheeler Avenue, Pleasantville, New York 10570 under the name "Sundance Deli".

19.     Upon information and belief, Sundance Kitchen Inc. (d/b/a Sundance Kitchen & Cantina) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 208 Mamaroneck Avenue, White Plains, New York 10601.

20.     Upon information and belief, Sundance Deli Inc.  (d/b/a Sundance Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 37 Wheeler Avenue, Pleasantville, New York 10570.

21.     Defendant Genaro Dominguez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Genaro Dominguez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Genaro Dominguez possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including

Plaintiff Molina, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.     Defendant Casiano Dominguez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Casiano Dominguez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Casiano Dominguez possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Molina, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

23.     Defendants operate a deli and a restaurant located in the Pleasantville and in the White Plains sections of New York.

24.     Individual Defendants, Genaro Dominguez and Casiano Dominguez, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

25.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.     Each Defendant possessed substantial control over Plaintiff Molina's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Molina, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Molina (and all similarly situated employees) and are Plaintiff Molina's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Molina and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendants Genaro Dominguez and Casiano Dominguez operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

  a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

  b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

  c)  transferring assets and debts freely as between all Defendants,

  d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

  e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

  f)  intermingling assets and debts of their own with Defendant Corporations,

  g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

  h)  Other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Molina's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff

Molina, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Molina's services.

31.     In each year from 2015 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33.     Plaintiff Molina is a former employee of Defendants who was employed as a cook and a helper.

34.     Plaintiff Molina seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Rigoberto Molina Francisco*

35.     Plaintiff Molina was employed by Defendants from approximately January 29, 2015 until on or about March 19, 2019.

36.     Defendants employed Plaintiff Molina as a cook and a helper.

37.     Plaintiff Molina regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38.     Plaintiff Molina's work duties required neither discretion nor independent judgment.

39.     Throughout his employment with Defendants, Plaintiff Molina regularly worked in excess of 40 hours per week.

40.     From approximately January 29, 2015 until on or about March 20, 2017, Plaintiff Molina worked at the Sundance Deli location from approximately 7:00 a.m. until on or about 5:00

p.m., 5 days a week and from approximately 7:00 a.m. until on or about 4:30 p.m., 1 day a week (typically 59.5 hours per week).

41.     From approximately March 21, 2017 until on or about April 21, 2017, Plaintiff Molina worked at the Sundance Kitchen & Cantina location from approximately 7:00 a.m. until on or about 9:00 p.m., 5 days a week (typically 70 hours per week).

42.     From approximately April 21, 2017 until on or about February 2018, Plaintiff Molina worked at the Sundance Kitchen & Cantina location from approximately 7:00 a.m. until on or about 5:00 p.m., 4 days a week and from approximately 7:00 a.m. until on or about 8:30 p.m., 2 days a week (typically 67 hours per week).

43.     From approximately March 2018 until on or about March 18, 2019, Plaintiff Molina worked at the Sundance Kitchen & Cantina location from approximately 10:00 a.m. until on or about 8:30 p.m., 2 days a week, from approximately 7:00 a.m. until on or about 5:00 p.m., three days a week, and from approximately 9:30 a.m. until on or about 9:00 p.m., one day a week (typically 62.5 hours per week).

44.     From approximately January 2015 until on or about July 2017, Defendants paid Plaintiff Molina his wages in cash.

45.     From approximately August 2017 until on or about March 19, 2019, Defendants paid Plaintiff Molina his wages in a combination of check and cash.

46.     From approximately January 2015 until on or about December 2017, Defendants paid Plaintiff Molina $11.00 per hour.

47.     From approximately January 2018 until on or about March 2018, Defendants paid Plaintiff Molina $12.00 per hour.

48.     From approximately March 2018 until on or about March 19, 2019, Defendants paid Plaintiff Molina $14.00 per hour.

49.     Defendants never granted Plaintiff Molina any breaks or meal periods of any kind.

50.     Defendants took improper and illegal deductions from Plaintiff Molina's wages; specifically, Defendants deducted an entire half an hour from Plaintiff Molina's pay whenever he arrived 10 to 15 minutes late to work.

51.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Molina regarding overtime and wages under the FLSA and NYLL.

52.     Defendants did not provide Plaintiff Molina an accurate statement of wages, as required by NYLL 195(3).

53.     In fact, Defendants adjusted Plaintiff Molina's paystubs so that they reflected inaccurate wages and hours worked.

54.     Defendants did not give any notice to Plaintiff Molina, in English and in Spanish (Plaintiff Molina's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

55.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Molina (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

56.     Plaintiff Molina was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

57.     Defendants paid Plaintiff Molina his wages in cash and then in a combination of check and cash.

58.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Molina (and similarly situated individuals) worked, and to avoid paying Plaintiff Molina properly for his full hours worked.

60.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Molina and other similarly situated former workers.

62.     Defendants failed to provide Plaintiff  Molina and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63.     Defendants failed to provide Plaintiff Molina and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64.      Plaintiff Molina brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65.      At all relevant times, Plaintiff Molina and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

66.      The claims of Plaintiff Molina stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

67.      Plaintiff Molina repeats and realleges all paragraphs above as though fully set forth herein.

68.      At all times relevant to this action, Defendants were Plaintiff Molina's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Molina (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

69.      At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71.    Defendants failed to pay Plaintiff Molina (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72.    Defendants' failure to pay Plaintiff Molina (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73.    Plaintiff Molina (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

74.    Plaintiff Molina repeats and realleges all paragraphs above as though fully set forth herein.

75.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Molina (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76.    Defendants' failure to pay Plaintiff Molina (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77.    Plaintiff Molina (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

78.    Plaintiff Molina repeats and realleges all paragraphs above as though fully set forth herein.

79.    At all times relevant to this action, Defendants were Plaintiff Molina's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire

Plaintiff Molina, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

80.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Molina less than the minimum wage.

81.     Defendants' failure to pay Plaintiff Molina the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

82.     Plaintiff Molina was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

83.      Plaintiff Molina repeats and realleges all paragraphs above as though fully set forth herein.

84.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Molina  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85.     Defendants' failure to pay Plaintiff Molina overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

86.     Plaintiff Molina was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

87.      Plaintiff Molina repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants failed to pay Plaintiff Molina one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Molina's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

89.     Defendants' failure to pay Plaintiff Molina an additional hour's pay for each day Plaintiff Molina's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

90.     Plaintiff Molina was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

91.     Plaintiff Molina repeats and realleges all paragraphs above as though fully set forth herein.

92.     Defendants failed to provide Plaintiff Molina with a written notice, in English and in Spanish (Plaintiff Molina's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

93.     Defendants are liable to Plaintiff Molina in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

94.     Plaintiff Molina repeats and realleges all paragraphs above as though fully set forth herein.

95.     With each payment of wages, Defendants failed to provide Plaintiff Molina with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

96.     Defendants are liable to Plaintiff Molina in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION
## OF THE NEW YORK LABOR LAW

97.     Plaintiff Molina repeats and realleges all paragraphs above as though set forth fully herein.

98.     At all relevant times, Defendants were Plaintiff Molina's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

99.     Defendants made unlawful deductions from Plaintiff Molina's wages; specifically, Defendants deducted an entire half an hour from Plaintiff Molina's pay whenever he arrived 15 minutes late.

100.     The deductions made from Plaintiff Molina's wages were not authorized or required by law.

101.     Through their knowing and intentional efforts to take unauthorized deductions from

Plaintiff Molina's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

102.     Plaintiff Molina was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

103.     Plaintiff Molina repeats and realleges all paragraphs above as though set forth fully herein.

104.     Defendants did not pay Plaintiff Molina on a regular weekly basis, in violation of NYLL §191.

105.     Defendants are liable to Plaintiff Molina in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Molina respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Molina and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Molina and the FLSA Class members;

(d)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Molina and the FLSA Class members;

(e)      Awarding Plaintiff Molina and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiff Molina and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Molina;

(h)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Molina;

(i)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Molina;

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Molina's compensation, hours, wages and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Molina;

(l)      Awarding Plaintiff Molina damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)      Awarding Plaintiff Molina liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours

pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to

NYLL § 198(3);

(n)     Awarding Plaintiff Molina and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff Molina and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Molina demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
　　　June 14, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:　　　/s/ Michael Faillace
　　　Michael Faillace [MF-8436]
　　　60 East 42nd Street, Suite 4510
　　　New York, New York 10165
　　　Telephone: (212) 317-1200
　　　Facsimile: (212) 317-1620
　　　*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 17, 2019
BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Rigoberto Molina Francisco

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                *Rigoberto Molina*

Date / Fecha:                     Mayo 17 del 2019

*Certified as a minority-owned business in the State of New York*